IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02591-NRN

SHAPESHIFT US, INC.,

 Plaintiff,

v.

AZAMAT MUKHIDDINOV,

 Defendant.

---

JOINT MOTION TO RESTRICT PUBLIC ACCESS TO COMPLAINT

---

 Defendant Azamat Mukhiddinov, by and through counsel, Kenneth F. Eichner, *The Eichner Law Firm*, hereby moves pursuant to D.C.COLO.LCivR 7.2 for an Order restricting the Complaint and Jury Demand filed in this case (Doc. 1) from public access, and designating it "Restricted Level 1." Defense counsel has conferred with Plaintiff counsel, and Plaintiff joins this motion. As grounds, the parties state as follows:

1. District of Colorado Local Civil Rule 7.2(c) provides that a court may restrict from public access and inspection any document in a case in circumstances in which the public right of access is outweighed by the potential for serious injury if access is not restricted. D.C.Colo.LCivR 7.2(c)(2) and (3). The Supreme Court has recognized that although there is a strong interest in the public right of access to judicial documents, that right "is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). *See also Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458,

461 (10th Cir. 1980) ("It is beyond question that this Court has discretionary power to control and seal, if necessary, records and files in its possession.").

2. In exercising discretion to control and seal records, this Court may "seal documents if the public's right of access is outweighed by competing interests." *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985)). Here, the unique circumstances of this case and the significant interests of both parties outweigh the presumption of public access to the Complaint.

3. The Complaint in this case, which was filed on August 26, 2020, alleges that Mr. Mukhiddinov misappropriated funds from his employer, Plaintiff ShapeShift, and that Plaintiff suffered losses in investigating the theft and taking remedial actions. As set forth in the Complaint at paragraphs 38-51, prior to the filing of the Complaint, Mr. Mukhiddinov had returned all of the misappropriated funds. The Complaint sought damages only for the costs of investigation and remediation.

4. As soon as Mr. Mukhiddinov was served with the Complaint, he retained counsel and began settlement negotiations. *See* Doc. 9 (Defendant's Unopposed Motion for Extension of Time to File Responsive Pleading to Complaint). On October 12, 2020, the parties reached a settlement agreement, and on October 19, 2020, the parties filed a Stipulated Dismissal with Prejudice.

5. Mr. Mukhiddinov has a significant interest in protecting his personal and professional reputation from the allegations contained in the Complaint. Mr. Mukhiddinov is 25 years old and, despite being a highly qualified software

engineer, he has already been terminated from new employment, specifically because the employer discovered the existence of the Complaint in this case.

6. ShapeShift has a corresponding interest in Mr. Mukhiddinov obtaining employment, so that he will be in a position to make payments relating to the settlement agreement reached by the parties.

7. This case is unique in that many of the damages arising from Mr. Mukhiddinov's conduct had already been resolved prior to the Complaint even being filed. And, after Mr. Mukhiddinov received the Complaint in this case, he promptly retained counsel and reached a settlement, saving Plaintiff the cost of further litigation and conserving judicial resources. Effectively, this case was initiated and completed in just over a month. Further, both parties are in agreement that restricted access is appropriate.

8. Under these circumstances, the common-law right to access to judicial records is outweighed by Mr. Mukhiddinov's compelling interest in pursuing his career as a talented young engineer to enable him to make the payments required by the parties' settlement agreement,

9. D.C.Colo.LCivR 7.2(c) provides that the parties must demonstrate why no alternative to restriction will adequately protect the interest in question. To that end, Mr. Mukhiddinov proposes that if the Court does not believe restriction of the entire Complaint is appropriate, that it permit redaction of Mr. Mukhiddinov's identifying information.

10. In the alternative, Mr. Mukhiddinov proposes redacting the portions of the Complaint describing his misappropriation of funds, which were repaid prior to

the filing of the Complaint. *See McPherson v. Bachus & Schanker*, 2011 WL 2415003 (D. Colo. June 10, 2011) (granting motion to seal complaint, based on allegations portraying the Defendants "in a negative light . . . [damaging] their professional reputations," where the allegations were collateral to the claims at issue in the case). Here, the Complaint claims damages arising from discovery of the misappropriated funds and subsequent remediation, not from the misappropriation of the funds in the first instance. Thus, redacting the allegations relating to the misappropriation of the funds would be an alternative to sealing the Complaint in its entirety.

WHEREFORE, for the reasons set forth above, the parties respectfully request that this Honorable Court issue an Order sealing the Complaint in this case or, in the alternative, redacting Mr. Mukhiddinov's identifying information or redacting the specific allegations noted herein.

October 19, 2020

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ *Kenneth F. Eichner* | /s/ *Michael R. Greco* |
| **Kenneth F. Eichner** | **Michael R. Greco** |
| The Eichner Law Firm | Fisher & Phillips LLP |
| 3773 Cherry Creek Dr. N, Suite 900, West Tower | 1125 17th Street, Suite 2400 |
| Denver, CO 80209 | Denver, CO 80202 |
| Telephone: (303) 837-9800 | Telephone: 303-218-3650 |
| E-mail: ken@eichnerlaw.com | E-mail: mgreco@fisherphillips.com |
| Attorney for Defendant, | Attorney for Plaintiff, |
| Azamat Mukhiddinov | Shapeshift US, Inc. |